IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| BRIAN J. BRESNOCK | : | BANKRUPTCY NO.: 5-03-bk-54560 |
| COLLEEN E. BRESNOCK, | : | |
| DEBTORS | : | |
| BRIAN J. BRESNOCK | : | {**Nature of Proceeding**: Request for |
| COLLEEN E. BRESNOCK, | : | Award of Damages} |
| PLAINTIFFS | : | |
| vs. | : | |
| FIRST TRUST OF NEW YORK NA a/k/a U.S. BANK CORPORATE TRUST SERVICES assignee of MEGO MORTGAGE CORPORATION assignee of H. T. COMPANY, INC., | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-08-ap-50008** |

# OPINION[1]

The instant matter was initiated by Adversary Complaint of the Debtor filed on January 8, 2008. The Complaint requests four different reliefs in its prayer, namely, that the Court enter an Order avoiding the lien of the Defendant in accordance with Section 506(d) of the Bankruptcy Code and determining the claim of the Defendant be an unsecured claim; directing the Defendant to file a satisfaction of the underlying mortgage and assignments duly set forth in the Luzerne County Recorder of Deeds office;

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[K:\Cathy\Opinions-Orders_filed_2009\5-08-ap-50008_Bresnock.pdf]

requesting damages against the Defendant in the total amount of $18,123.00; and ordering the Defendant to pay attorney's fees and costs to the Plaintiffs. Because the liquidation of damages could not be ascertained from the underlying Complaint, the Court, on June 3, 2008, granted in part a request for the entry of default judgment against the Defendant. The Order for default ruled the underlying lien of the Defendant to be null and void and also ordered the Defendant to file a satisfaction of the underlying mortgage. Thereafter, the Court scheduled a hearing to resolve the damages portion of the underlying Complaint.

    No one on behalf of the Defendant participated at the hearing. Counsel for Plaintiffs indicated that the authority to impose damages was found in the Pennsylvania Mortgage Satisfaction Law at 21 P.S. § 721-6 which is the penalty provision of the Act permitting the adjudication of penalties up to the face amount of the underlying mortgage. Furthermore, because the Plaintiffs' counsel did not know how the hearing was to proceed, he had not submitted an Affidavit or a chronological listing of his costs and fees incurred in this matter in compliance with the Local Rules for the Bankruptcy Court for the Middle District of Pennsylvania. I ordered counsel to supply to the Court, on or within 30 days of the hearing date, a brief outlining why Plaintiffs deserved a reward or penalty under the circumstances of this case wherein, admittedly, they had no damages resulting from the failure of the Defendant to satisfy the mortgage.[2] Counsel was also

---

[2] Counsel for Plaintiffs represented the Plaintiffs suffered no damages on the record.

directed to file a fee application setting forth his fees and costs incurred in litigating this matter.

The Plaintiffs have asked the Court to impose penalties and damages under 21 P.S. § 721-6 which in pertinent part reads as follows.

> **§ 721-6. Notice to satisfy; damages for failure to satisfy**
>
> (d) Penalty for failure to satisfy.--
>
> > (1) If, within 60 days of the mortgagee's receipt of:
> >
> > > (i) payment of the entire mortgage obligation and all required satisfaction and recording costs; and
> > >
> > > (ii) the first written request by the mortgagor for the satisfaction piece delivered and in substantially the form described in this section,
> >
> > the mortgagee fails to present for recording to the office where the mortgage was recorded a satisfaction piece as described in section 5 or the mortgage is not otherwise satisfied, the mortgagee shall forfeit and pay to the mortgagor a penalty in a sum not exceeding the original loan amount.
> >
> > (2) In any successful action to recover penalties pursuant to this section, the mortgagee shall reimburse the mortgagor for costs of the action, including the mortgagor's reasonable attorney fees.

While the Plaintiffs are not required to prove actual damages to make out a case, actual damages and other circumstances are elements for consideration when determining the penalty to be imposed. *Werner v. Automobile Finance Co.*, 347 Pa. 217, 31 A.2d 898 (Pa. 1943). Here, counsel indicated that his clients had no actual damages to present to the Court. Additionally, while the Court would never countenance failure of a litigant, as

in this case, to answer complaints and motions for default, the Court was not presented any facts to explain the inaction of the Defendant when presented with requests to satisfy the underlying mortgage. In this regard, Plaintiffs had several options available to obtain testimonial evidence or otherwise from the Defendant, such as the issuance of a subpoena, but failed to do so.

Pursuant to the current state of the record, as presented by the Plaintiff, I find that, while I have authority to impose penalties for failure to satisfy the mortgage in a sum not exceeding the original loan, the appropriate award of a penalty is in the amount of $1,000.00.

Having permitted a recovery of the above-referenced penalty, the Pennsylvania statute also permits reimbursement to the mortgagor (Plaintiffs) of costs of the action including the mortgagor's reasonable attorney's fees. In that regard, counsel has submitted, as directed, an Affidavit in Support of Attorney Fees indicating total time expended of 11.2 hours for a total of $1,995.00 in attorney fees. Additionally, the Affidavit indicates time expended by the attorney's staff of 4 hours at $300.00. With no retention agreement being presented for review and not being aware of counsel's normal retention agreements and billing procedures in his practice, the Court will grant to the Plaintiffs the amount of $1,195.00 representing total attorney fees but will deny that portion of the request seeking $300.00 for time expended by legal assistants employed by counsel.

It is for the foregoing reasons that the Court will impose, under 21 P.S. § 721-6, a

penalty against the Defendant in the amount of $1,000.00. The Court will further grant the Plaintiffs' request for the imposition against the Defendant for Plaintiffs' attorney's fees in the amount of $1,995.00.

My Order will follow.

Date: April 15, 2009

John J. Thomas, Bankruptcy Judge

(CMS)

*This opinion is electronically signed and filed on the same date.*